SUMMARY ORDER

Petitioner Huai Zhong Chen, a native and citizen of the People’s Republic of China, seeks review of a September 10, 2008 order of the BIA affirming the November 5, 2007 decision of Immigration Judge (“IJ”) Noel A. Brennan denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Huai Zhong Chen, No. A 200 125 790 (B.I.A. Sept. 10, 2008), aff'g No. A 200 125 790 (Immig. Ct. N.Y. City Nov. 5, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, because Petitioner failed to challenge before this Court the agency’s denial of his CAT claim, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005). Moreover, we decline to consider Petitioner’s argument that he would face economic persecution upon his return to China, because he failed to exhaust this argument in his brief to the BIA. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
Substantial evidence supports the agency’s denial of Petitioner’s asylum and withholding of removal claims. Petitioner argues that he suffered severe emotional pain because his wife’s sterilization deprived them of the ability to bear more children. However, the agency properly found that Petitioner could not establish persecution based upon his wife’s forced sterilization, see Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 309-10 (2d Cir.2007), and any psychological harm Petitioner suffered as a result does not constitute persecution, see Jiang v. Gonzales, 500 F.3d 137, 141-42 (2d Cir.2007).
To the extent that Petitioner challenges the agency’s finding that the physical harm he suffered did not rise to the level of persecution, substantial evidence supports the agency’s finding. The only physical harm Petitioner suffered occurred when he was pushed to the ground by cadres when they came for his wife. Such mistreatment does not rise to the level of persecution necessary to sustain a claim for asylum or withholding of removal. See Ivanishvili v. U.S. Dep’t of Justice, 433 *32 F.3d 332, 341 (2d Cir.2006); Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005).
With respect to Petitioner’s asserted fear of future persecution based upon the Chinese officials’ warning that he would be sterilized if he persisted in violating the family planning policy, threats of possible sterilization do not constitute persecution, see Shi Liang Lin, 494 F.3d at 314-15, and Petitioner’s argument that he might remarry and have another child is too speculative to merit relief, Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (a fear is not objectively reasonable if it lacks “solid support” in the record and is merely “speculative at best”). Furthermore, as the agency noted, Petitioner’s own testimony undermines his claimed fear where he testified that he remained in China for over a year after his wife’s sterilization without further problems with the Chinese authorities and where he admitted, “my wife [got] sterilized, so they didn’t come to look for me.” Accordingly, the agency did not err in denying Petitioner’s asylum claim on this basis.
Because the agency properly found that Petitioner failed to show the objective likelihood of persecution needed- to support an asylum claim, he is also unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending request for oral argument in this petition is DENIED.